IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 OCT -9  A 10: 23

| | | |
|---|---|---|
| **TAMMY EDWARDS** | ) | DEBRA P. HACKETT, CLK<br>U.S. DISTRICT COURT<br>MIDDLE DISTRICT ALA |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | 2:07cv908- MHT |
| **HYUNDAI MOTOR** | ) | |
| **MANUFACTURING ALABAMA,** | ) | |
| **LLC, and MIKE SWINDLE,** | ) | |
| **individually,** | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1.      This is a complaint for legal and equitable relief to redress violations

by the Defendants of the Plaintiff's rights secured by:

a)      Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

2000e, et seq;

b)      42 U.S.C. § 1981;

c)      The Laws of the State of Alabama; and

d)      The Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C.

2601.

2.      Federal subject matter jurisdiction exists pursuant to:

a)      28 U.S.C. 1331, 1343(4) and 1367.

## PARTIES

3.      Plaintiff, Tammy Edwards, (hereinafter "Edwards" or "Plaintiff"), is an individual over the age of 19 and a resident citizen of Chilton County, Alabama.

4.      Defendant, Hyundai Motor Manufacturing Alabama, LLC (hereinafter "Hyundai"), is an automotive manufacturer.  Hyundai is a corporation with a plant located in Montgomery County, Alabama.  At all times relevant to this Complaint, Hyundai was and is currently doing business in Montgomery County, Alabama.

5.      Defendant, Mike Swindle, (hereinafter "Swindle"), is an individual over the age of 19 and a resident citizen of Montgomery County, Alabama.

## NATURE OF ACTION

6.      Edwards brings this action for the unlawful employment practices and acts of intentional discrimination, harassment and retaliation that occurred at Hyundai in Montgomery County, Alabama.  This action seeks to redress grievances resulting from the acts of Hyundai, their agents, servants, and employees committed with respect to Edwards' employment; and for a permanent injunction restraining Hyundai from maintaining a policy and practice of

2

discriminating against the Plaintiff and others similarly situated on account of gender, disability and retaliation.

7.    This is an action to redress grievances resulting from unlawful acts of Defendants in violation of the laws of the State of Alabama.

8.    The actions alleged below constitute acts of continuing violations of the law.

## ADMINISTRATIVE PROCEDURES

9.    On September 26, 2006, within 180 days of learning of the acts of discrimination and harassment of which she complains, Edwards filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC"), Charge No. 420-2006-05204.   **(See Exhibit 1)**.

10.    Edwards received a Notice of Right to Sue on July 10, 2007.  **(See Exhibit 2)**.

11.    All administrative prerequisites for filing suit have been satisfied and Edwards is entitled to bring this action.

## STATEMENT OF FACTS

12.    Plaintiff began working at Hyundai on or about January 17, 2006, assembling fenders under the supervision of Team Leader, Keith Ulrich. Approximately one month later, Plaintiff was promoted to a more complex

3

position within the company after a meeting with Harry White, Assistant Plant
Manager.

14.     Thereafter, Plaintiff was responsible for reporting all "down time" for
the automotive robots, documenting the causation issue, and all corrective action.
In her new position, Plaintiff was introduced to Mike Swindle, who was solely in
charge of the Body Build Line.

14.     In their first conversation, Swindle asked Plaintiff about her marital
status and whether or not she had ever cheated on her husband.  Thereafter,
Swindle began making vulgar, lewd and sexual gestures with his hands and tongue
and despite Plaintiff's clear requests to Swindle to stop making inappropriate
sexual advances and comments, Swindle continued such conduct. Swindle's
harassment of Plaintiff escalated until Plaintiff was continually subjected to
Swindle's harassment on every occasion Plaintiff was in the vicinity of Swindle's
manufacturing line.

15.     When Mike Swindle was promoted to Team Leader, Plaintiff was
assigned to Swindle's team.  Swindle's harassment of Plaintiff continued, but
again escalated.  For instance, Swindle would simulate sexually explicit acts to her
and follow the simulation with sexually inappropriate comments and invitations to
have sexual relations with Swindle.  Swindle also touched Plaintiff against her

4

will and would hug her body by pressing his genital area into Plaintiff's body. Swindle's penis would evidently be erect as Swindle would say, "Tammy, can you tell me know big I am?" as Swindle pressed his body against Plaintiff. Swindle would then say, "Why do you think the black women want to fuck me?" Despite Plaintiff's request for Swindle to stop, Swindle would not cease, but would increase his inappropriate conduct and comments. On numerous occasions Swindle would try and block Plaintiff with his body while she was walking down his line.

16.     Swindle would state to Plaintiff, "If you don't do what I say, you won't see Hailey (Plaintiff's daughter) cheer." Swindle also would hump fences and tell Plaintiff this was how he would "fuck" her.

17.     Swindle would tell Plaintiff that she could not pass unless he kissed her or if Plaintiff hugged him. Plaintiff would refuse Swindle's invitations. On another occasion, Swindle approached Plaintiff and asked her to kiss him. Plaintiff turned and started walking in the opposite direction when Swindle forcibly jerked Plaintiff's ponytail and held her against her will. This occurred several times and in front of other workers and he would say, "don't fucking walk by me without speaking." Swindle demanded that Plaintiff kiss him "so everyone will think you are fucking me." Plaintiff refused Swindle's invitation again. On

5

another occasion, a female team member named Pam held Plaintiff's arms back so Swindle could forcibly kiss Plaintiff. Pam told Swindle to "get her" and then told Plaintiff, "nobody is going to fuck with Mike."

18.    These examples are not inclusive, but merely illustrative of Swindle's constant sexual harassment of Plaintiff. Plaintiff verbally complained numerous times to Swindle and asked that the sexual harassment stop. Swindle informed Plaintiff that there was nothing she could do to make him stop and Plaintiff's request to stop would often perpetuate Swindle to continue or escalate his vulgar conduct. Swindle told Plaintiff he knew his actions aggravated her, but there was nothing she would do to make him stop. Plaintiff, on this occasion, pushed Swindle from her after he made this comment while staring at her genital area and licking his lips in a lewd manner. After Plaintiff pushed Swindle from her, Swindle taunted Plaintiff stating that he liked it when women got physical with him. Plaintiff told Swindle if he did not stop, she would hit him in the face. Swindle again laughed and said that would turn him on.

19.    Swindle's actions became so perverse that Plaintiff was unable to do her job. For instance, Plaintiff asked Swindle how many hours to put down on the schedule and Swindle told her, "I know what you can put down," in a suggestive tone. Plaintiff walked away and Swindle stated, "I know what you could put down

6

your pants."

20.    On several occasions, the sexual harassment of Plaintiff was witnessed by Steve Culpepper, Group Leader.  Another Team Leader, Billy Kitchens, also sexually harassed Plaintiff on the job, and this harassment was also witnessed by Culpepper.

21.    On one occasion, Kitchens told Plaintiff in front of Culpepper, that her new job would be "under his desk."  Plaintiff looked at Culpepper and the men both laughed and Culpepper jokingly said, "now Billy, you know I can't authorize that."  At no time did Culpepper correct or discipline Swindle or Kitchens.

22.    Plaintiff confided in Michele Nelson and Kim Abrams that she was being harassed by Swindle and did not know what to do.  Nelson and Abrams urged Plaintiff to go to team relations.  Plaintiff stated she feared retaliation and needed her job.  Plaintiff, thereafter, on July 31, 2006, e-mailed Stacye Jones in team relations that she needed to talk with her.  Jones told Plaintiff she would have to call her manager.

23.    On August 1, 2006, Plaintiff was approached by Culpepper and told they were going to talk to Tom Bondy, the plant manager.  Bondy started the conversation that he had heard rumors that Swindle was bothering her.  Plaintiff told Bondy about the harassment by Swindle and that it was so severe she wanted

7

to quit.  Bondy told Plaintiff she was not going anywhere and asked why she had not told him about the harassment.  Plaintiff relayed to Bondy that Swindle had told her that Swindle and Bondy were friends and she could not do anything about Swindle harassing her.

24.    Since complaining of harassment, the company has retaliated against Plaintiff by allowing its manager, Tom Bondy, to subject her to an interrogation under the pretense that he, along with Culpepper, were investigating her complaint of harassment.  Instead, this interrogation was for the purpose of protecting Mike Swindle and/or Billy Kitchens rather than taking remedial action to stop unlawful harassment and protect the Plaintiff in the Defendant's workplace.

25.    After complaining of the harassment, and in direct retaliation for complaining, Plaintiff was demoted and transferred to the BC1 assembly line.  The Defendant knew that Plaintiff had neck and back problems and would have difficulty working in a more physically demanding position.  Billy Kitchens inquired of Plaintiff if she was sore and hurting from having to hammer on her shift.  Plaintiff was ultimately suspended, placed on involuntary medical leave and terminated.

26.    Plaintiff had no deficiencies of any kind in her job performance was and her performance was deemed exemplary until she complained about Swindle's

8

sexual harassment. This undesirable reassignment to a much more physically demanding job was intended to cause Plaintiff severe physical and emotional pain in retaliation and to physically hurt her so she could not do the job and would quit.

27.    The company is aware that Plaintiff is currently under the treatment of a neurologist for a neck injury and has requested accommodation to work in a less physically demanding position. Yet the company retaliated against her by forcing her to perform much more physically demanding labor after complaining of sexual harassment and a sexual hostile work environment and ultimately terminated her.

## COUNT ONE

## SEXUAL HARASSMENT - HOSTILE WORK ENVIRONMENT

28.    Plaintiff adopts and realleges 1-27 as if fully recited herein. This is a claim against Hyundai arising under Title VII of the Civil Rights Act of 1964, as amended, prohibiting sexual harassment in the workplace.

29.    The conduct of the Defendant alleged herein violates Title VII because Plaintiff was required to work in a hostile environment which was tainted by impermissible sex and gender discrimination, which included her being subjected to repeated sexual harassment and intimidation over a period of time by Defendant, Swindle.

9

30.    Plaintiff is a member of a protected group and did not welcome the sexual misconduct and hostile work environment created by Defendant, Swindle.

31.    Swindle subjected the Plaintiff to repeated sexual harassment and intimidation causing the Plaintiff's work environment to be permeated with discriminatory conduct, ridicule, and insult that altered her work conditions.

32.    Swindle touched the Plaintiff inappropriately and such touching was unwelcome.  Swindle made inappropriate comments to the Plaintiff.  The touching and comments continued on a daily basis and many times throughout the day.

33.    Plaintiff repeatedly told Swindle to stop touching her, but no matter how many times Plaintiff told him to stop, Swindle continued.  Swindle would fondle Plaintiff's neck or hug Plaintiff around her chest area.

34.    At all times, Plaintiff repeatedly told Swindle to leave her alone, but to no avail.

35.    Such unlawful employment practices proximately caused Plaintiff to suffer severe emotional distress, mental anguish, embarrassment, humiliation, shame and trauma for which she claims damages.

36.    Plaintiff seeks declaratory and injunctive relief, award of compensatory and punitive damages, mental anguish, costs, attorney's fees, and any and all such other relief the trier of fact may assess.

10

## COUNT TWO

## TITLE VII GENDER DISCRIMINATION

37.    Plaintiff adopts and realleges 1-36 as if fully recited herein.  This is a
claim against Hyundai for the intentional discrimination against Plaintiff because
of her gender in violation of Title VII.

38.    Plaintiff is a female and is therefore a member of a protected class.

39.    Throughout Plaintiff's employment with Defendant, Plaintiff's work
was always deemed satisfactory and she received raises.  Plaintiff was terminated
for no apparent reason while on medical leave.  Males, similarly situated, were not
treated adversely by the Defendant and were treated more favorable with regard to
job assignments, duties, pay and benefits.

40.    Plaintiff's membership in a protected class or association with a
protected class was a motivating factor in the Defendant's decision to terminate
her employment and not rehire her.

41.    As a proximate result of Defendant's unlawful intentional
discrimination, Plaintiff suffered financial loss, economic loss, loss of
employment, shame, humiliation, emotional distress and trauma.

42.    Plaintiff seeks declaratory and injunctive relief, award of lost
employment and career benefits and wages, back pay, front pay, interest,

11

compensatory damages for loss of career opportunity, humiliation and embarrassment, mental anguish, costs, attorneys' fees, punitive damages and any and all such other relief the trier of fact may assess.

**COUNT THREE**

**FAMILY AND MEDICAL LEAVE ACT**

43.    Plaintiff realleges paragraphs 1-42, as if fully set out herein.  This is a claim to redress unlawful employment practices in violation of the Family and Medical Leave Act conducted by Hyundai, its agents, and employees, and ratified by Hyundai.

44.    Plaintiff was hired on January 17, 2006, and on August 17, 2006, informed her manager of the medical need.  On January 17, 2007, Plaintiff would have been eligible for FMLA leave.  However, Plaintiff was at no time granted Family and Medical Leave although Plaintiff was an eligible employee.  At all times, Plaintiff apprised her manager of her condition.

45.    Plaintiff was made to apply for short term disability benefits and was subsequently terminated while on leave, although during her leave, Plaintiff became eligible for FMLA leave.

46.    Plaintiff was subjected to intimidation and harassment when it was necessary for her to take Family and Medical Leave.  Plaintiff's superiors violated

her rights by terminating her employment.  When Plaintiff applied for other positions within the company that were posted, she was denied even an interview for the open position.

47.    Defendants' conduct and actions proximately caused Plaintiff undue hardship and subjected her to disparate treatment. The discrimination included Plaintiff being terminated and  being refused other employment.

48.    As a proximate result of Defendants' unlawful and unconstitutional conduct, Plaintiff suffered the following injuries:  severe emotional distress, mental anguish, trauma and embarrassment, loss of her employment and financial loss.

49.    Plaintiff seeks declaratory and injunctive relief, reinstatement, award of lost employment benefits and wages, back pay, front pay, compensatory damages, liquidated damages, costs, attorney fees, and any and all such other relief the trier of fact may assess.

## COUNT FOUR

## RETALIATION

50.    Plaintiff realleges paragraphs 1-49, as if fully set out herein.  This is a claim against Hyundai for the illegal and intentional acts of retaliation toward Plaintiff pursuant to Title VII.

13

51.    Plaintiff was terminated and not rehired into her previous position or any position in retaliation for pursuing her rights under Title VII. Plaintiff complained internally and with the EEOC by filing a charge of discrimination. Plaintiff's work environment and conditions were materially altered and changed. Plaintiff was terminated.  Plaintiff applied for re-employment and was denied.

52.    Such unlawful employment practices proximately caused Plaintiff to suffer severe emotional distress, mental anguish, embarrassment, humiliation, shame, trauma and financial loss  for which she claims damages.

53.    Plaintiff seeks declaratory and injunctive relief, award of lost employment benefits and wages, back pay, front pay, interest, compensatory and punitive damages and mental anguish; costs, attorneys' fees and any and all such other relief the trier of fact may assess.

## COUNT FIVE

## NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

54.    Plaintiff adopts and realleges 1-53 as if fully recited herein. This is a claim arising under the laws of the State of Alabama to redress the negligent hiring, training, supervision and retention of Defendant's employees, specifically, Mike Swindle.

55.    Hyundai had a duty to provide a reasonably safe, non-hostile and non-

14

discriminatory work environment to Plaintiff and other female employees. Defendant had actual notice of the actions complained of by Plaintiff. Plaintiff applied for other positions and was denied even an interview.

56.    Defendant, having such knowledge, negligently failed to train and discipline those employees, who actively discriminated, harassed, retaliated and conspired against Plaintiff, namely Mike Swindle, on an ongoing basis, and failed to protect Plaintiff from further injury.

57.    Defendant failed to administer its own policies against harassment and discrimination and such behavior which created a hostile working environment and failed to regularly and clearly communicate such policy to its managers, namely Mike Swindle, its other agents and employees.

58.    Plaintiff's working conditions created by Swindle were so intolerable, brought on by the hostile working environment, harassment and intentional discrimination, that Plaintiff's working conditions were adverse.

59.    As a proximate result of the Defendant's unlawful and unconstitutional conduct aforesaid, Plaintiff suffered the following injuries: different terms and conditions of employment than other employees, severe emotional distress, humiliation, mental anguish, trauma and embarrassment, and financial loss.

15

60.    Plaintiff seeks declaratory and injunctive relief, award of lost employment benefits and wages, back pay, front pay, interest, compensatory and punitive damages, mental anguish, costs, attorneys' fees, and any and all such other relief the trier of fact may assess.

## COUNT SIX

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

61.    Plaintiff adopts and realleges 1-60 as if fully recited herein. This is a claim against both Defendants arising under the laws of the State of Alabama prohibiting the intentional infliction of emotional distress.

62.    The conduct of the Defendant's, as aforesaid, was extreme, outrageous and beyond the boundaries of decency.

63.    Such conduct created a hostile work environment that was unwelcomed by Plaintiff, altered Plaintiff's working conditions and should not go unpunished.

64.    The intentional acts of harassment and intentional conspiracy toward Plaintiff by the Defendant's employees, and the subsequent ratification by the Defendant, altered Plaintiff's work environment.

65.    Hyundai's failure to implement its policy on discrimination in the work place and managers'/supervisors' conduct and standards proximately caused

16

Plaintiff to suffer severe emotional distress, mental anguish, embarrassment, humiliation and trauma for which she claims damages.

66.    Plaintiff seeks declaratory and injunctive relief, award of lost employment benefits and wages, back pay, front pay, interest, compensatory and punitive damages, mental anguish, costs, attorneys' fees, and any and all such other relief the trier of fact may assess.

## COUNT SEVEN

## INVASION OF PRIVACY

67.    Plaintiff adopts and realleges 1-66 as if fully recited herein. This is a claim against Swindle for the invasion of Plaintiff's right to privacy based on the laws of the State of Alabama.

68.    Swindle invaded the Plaintiff's personal and emotional sanctum by physically touching the Plaintiff repeatedly after being told to stop.

69.    Defendant, Swindle, fondled Plaintiff by running his hands up and down her neck and by hugging Plaintiff around her chest area.

70.    Swindle's conduct proximately caused the Plaintiff to suffer embarrassment, humiliation, loss of reputation, emotional distress, trauma, and mental anguish for which she claims damages as set out below.

71.    Plaintiff seeks declaratory and injunctive relief, award of

17

compensatory and punitive damages, mental anguish, costs, attorney's fees, and any and all such other relief the trier of fact may assess.

## COUNT EIGHT

## ASSAULT AND BATTERY

72.     Plaintiff adopts and realleges 1-71 as if fully recited herein. This is a claim against Swindle and Hyundai arising under the laws of the State of Alabama for assault and battery.

73.     Swindle did commit assault and battery of the Plaintiff by touching the Plaintiff and her clothes in rudeness and in a hostile manner. This unwelcome touching made the Plaintiff feel uncomfortable as well as personally violated.

74.     This conduct was committed while Defendant, Swindle, was acting within the line and scope of his authority as the Plaintiff's direct supervisor.

75.     Hyundai, as Swindle's employer, had notice of the action and failed to take proper disciplinary or corrective action.

76.     The Defendants' conduct proximately caused the Plaintiff to suffer embarrassment, humiliation, loss of reputation, emotional distress, trauma, and mental anguish for which she claims damages as set out below.

77.     Plaintiff seeks declaratory and injunctive relief, award of compensatory and punitive damages, mental anguish, costs, attorney's fees, and

18

any and all such other relief the trier of fact may assess.

## COUNT NINE

### SLANDER

78.     Plaintiff adopts and realleges 1-77 as if fully recited herein. This is a claim arising under the laws of the State of Alabama prohibiting libel and slander.

79.     Swindle slandered Plaintiff by falsely accusing her of having a consensual sexual relationship with him.

80.     Plaintiff was subjected to negative publicity with her peers because of Swindle's accusations.

81.     Such unlawful actions proximately caused Plaintiff to suffer severe emotional distress, mental anguish, trauma and embarrassment, financial loss and the inability to secure employment within her community.

82.     The plaintiff seeks declaratory and injunctive relief, award of lost employment benefits and wages, back pay, front pay, interest, compensatory and punitive damages, mental anguish; and costs, attorneys' fees and any and all such other relief the trier of fact may assess.

WHEREFORE, Plaintiff respectfully requests this Court:

A.     Grant a permanent injunction enjoining Defendants, their officers, successors, assigns and all persons in active concert or participation with it, from

19

engaging further in its discriminatory treatment on the basis of gender;

      B.    Order Defendants to institute and carry out policies, practices and programs which provide equal provisions and employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices, including implementing a policy against gender discrimination in the work place and against retaliation for engaging in protected activities;

      C)    Order Defendants to make Plaintiff whole by providing appropriate front pay, back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, compensatory damages, punitive and liquidated damages.

      D)    Award Plaintiff her costs and expenses herein, including reasonable attorney fees; and

      F)    Award such other and further relief which this Court deems necessary and proper.

Respectfully submitted,

Kenneth D. Haynes
Alicia K. Haynes
Attorneys for Plaintiff

**OF COUNSEL:**

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, AL  35226
Telephone:  (205) 879-0377
Facsimile:  (205) 879-3572

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

Kenneth D. Haynes
Alicia K. Haynes
Attorneys for Plaintiff

## PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL

## DEFENDANTS' ADDRESSES

Hyundai Motor Manufacturing, LLC
700 Hyundai Blvd.
Montgomery, AL  36105

Mike Swindle
c/o Hyundai Motor Manufacturing, LLC
Gate 1 - Body Shop
700 Hyundai Blvd.
Montgomery, AL  36105

21

Mar-08-2007  04:22pm  From-EEOC                                +2052122105         T-903   P.002/003  F-471

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | | CHARGE |
|---|---|---|
| | FEPA | |
| x | EEOC | 420-2006-05204 |

and EEOC

_____
State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Ms. Tammy Edwards | (205) 755-6693 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 180 County Road 34 | Clanton, AL 35045 | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Hyundai Motor Manufacturing Alabama, LLC | over 15 | (334) 387-8000 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 700 Hyundai Boulevard | Montgomery, AL 36105 | Montgomery |

| NAME | | |
|---|---|---|
| | | TELEPHONE NUMBER (Include Area Code) |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE EARLIEST |
|---|---|
| RACE  COLOR  [x] SEX  RELIGION  AGE  [x] RETALIATION  NATIONAL ORIGIN  DISABILITY  OTHER (Specify) | March 2006  [x] CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began working at HMMA on or about January 17, 2006, as a team member. I started out assembling fenders under the supervision of Team Leader Keith Ulrich. After about one month, I was offered a more complex position within the company after meeting with Harry White (Assistant Plant Manager). I was responsible for monitoring automated assembly machines and for reporting all "down time" for the robots, the reason they were down and how it was corrected. I was immediately introduced to Mike Swindle, who at the time was not a Team Leader, he was just in charge of the Body Build Line. In our first conversation, Swindle asked me about my marital status and whether I had ever cheated on my husband. He began making vulgar, lewd and sexual gestures with his hands and tongue. Despite my clear requests to stop making sexual advance and sexual comments, he continued such conduct on virtually every shift, and every occasion I was in the vicinity of Swindle's manufacturing line. When Mike Swindle made Team Leader, I was put on by his team. He simulated sexually explicit and invasive comments to me. Swindle also touched me against my will by hugging me frequently. On numerous occasions he would try and block me with his body while I was walking down his line. This statement is not inclusive, but merely illustrative. I complained verbally to Swindle and asked the sexual harassment to stop. Swindle informed me there was nothing I could do to make him stop.

On several occasions sexual harassment was witnessed by Steve Culpepper, Group Leader. Another Team Leader, Billy Kitchens, also sexually harassed me on the job (witnessed by Steve Culpepper on at least one occasion).

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT   APR 2 6 2006 |
| Date 9/20/06    Tammy Edwards    Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |

EEOC FORM 5 (10/94)

EXHIBIT
1

Mar-08-2007  04:23pm  From-EEOC                    +2052122105        T-803   P.003/003  F-471

PAGE TWO

One Occasion, Kitchens told me in front of Steve, that my new job would be "under his desk." I looked at Steve and they both la and Steve said, "now Billy, you know I can't authorize that," or words to that effect.

Since complaining of harassment, the company has retaliated against me. Hyundai has retaliated against me by allowing its manager, Tom Bondy to subject me to an interrogation under the pretense that he along with Steve Culpepper were investigating my complaint of harassment. Instead, this interrogation was for the purpose of protecting Mike Swindle and/or Bill Kitchens rather than taking remedial action to stop harassment. After complaining of the harassment and in direct retaliation for complaining, I have been demoted and transferred away from a better and more complex job, to the BC1 assembly line. I had no deficiencies of any kind in my job performance and my performance could not have been the reason for my demotion. This undesirable reassignment to a much more physically demanding job was intended to cause me physical and emotional pain The company is aware that I am currently under the treatment of a neurologist for a neck injury and that I need to work in a less physically demanding position. Yet the company retaliated against me by forcing me to perform much more physically demand labor after complaining sexual harassment and a sexually hostile work environment.

I have been discriminated against based on my gender and I have been subjected to a sexually hostile work environment in violation of Title VII, 42 U.S.C. § 2000e, et seq., I have also been retaliated against for making a complaint of violations of my federally protected rights.

INITIALS

RECEIVED

SEP 2 6 2006

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  **Alicia K. Haynes**
**Haynes & Haynes, PC**
**for Tammy Edwards**
**1600 Woodmere Drive**
**Birmingham, AL 35226**

From:  **EEOC**
**Ridge Park Place, Ste. 2000**
**1130 22nd Street S**
**Birmingham, AL 35205**

| ☐ | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))* |
|---|---|

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **420-2006-05204** | **Jean McGinnis-Barrera** | **(205) 212-2056** |

*(See also the additional information enclosed with this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Delner Franklin-Thomas*

10 JUL 2007

Delner Franklin-Thomas, District Director

*(Date Mailed)*

Enclosure(s

cc:  **Brian R. Bostick**
**Ogletree, Deakins, Nash, Smoak & Stewart, PC**
**for Hyundai Motor Mfg. Alabama, LLC**
**One Federal Place**
**1819 5th Avenue North, Ste. 1000**
**Birmingham, AL 35203-2118**

**EXHIBIT**

2

DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000688
Cashier ID: kalandra
Transaction Date: 10/09/2007
Payer Name: HAYNES AND HAYNES
-----------------------------------
CIVIL FILING FEE
 For: HAYNES AND HAYNES
 Case/Party: D-ALM-2-07-CV-000908-001
 Amount:        $350.00
-----------------------------------
CHECK
 Check/Money Order Num: 10914
 Amt Tendered:  $350.00
-----------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00

TAMMY EDWARDS V. HYUNDAI MOTOR, LLC
ET AL

2:07-CV-908-MHT-SRW