IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TAMMY EDWARDS, ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | **CIVIL ACTION NUMBER:** |
| v. ) | **2:07-cv-908-MHT** |
| ) | |
| HYUNDAI MOTOR MANUFACTURING ) | |
| ALABAMA, LLC, and MIKE SWINDLE, ) | |
| individually, ) | |
| ) | |
|     **Defendants.** ) | |

## ANSWER OF DEFENDANT HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC TO COMPLAINT

COMES NOW Defendant Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), and for answer to the enumerated paragraphs of Plaintiff's Complaint, states as follows:

### JURISDICTION AND VENUE

1.    HMMA admits that Plaintiff seeks to assert claims under the statutes cited, but denies that Plaintiff has any valid claims under these statutes. HMMA denies the remaining allegations of Paragraph One.

2.    HMMA admits that this Court has subject matter jurisdiction over Plaintiff's federal claims and supplemental jurisdiction over Plaintiff's state law claims. HMMA denies the remaining allegations of Paragraph Two.

## PARTIES

3. HMMA admits that Plaintiff is over the age of 19. HMMA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph Three and therefore denies them.

4. HMMA admits that HMMA is an automotive manufacturer and that it has a plant located in Montgomery County, Alabama. HMMA also admits that it is doing business in Montgomery County, Alabama. HMMA denies the remaining allegations of Paragraph Four.

5. HMMA admits that Mike Swindle is over the age of 19 years. HMMA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph Five and therefore denies them.

## NATURE OF ACTION

6. HMMA admits that Plaintiff seeks to assert claims as stated in Paragraph Six, but HMMA denies that Plaintiff has any such valid claims. HMMA denies that it discriminated, harassed or retaliated against the Plaintiff. HMMA denies that it discriminated, harassed or retaliated against others similarly situated to the Plaintiff. HMMA denies the remaining allegations of Paragraph Six.

7. HMMA admits that Plaintiff seeks to assert claims under Alabama law, but HMMA denies that Plaintiff has any such valid claims. HMMA denies the remaining allegations of Paragraph Seven.

8. HMMA denies the allegations of Paragraph Eight.

**ADMINISTRATIVE PROCEDURES**

9.      HMMA admits that on or about September 26, 2006, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission which was assigned charge number 420-2006-05204. HMMA denies that Plaintiff can bring suit for her federal claims based on any alleged employment actions that occurred more than 180 days prior to the filing of her charge. HMMA denies the remaining allegations of Paragraph Nine.

10.     HMMA admits that the EEOC issued a dismissal notice dated July 10, 2007. HMMA denies the remaining allegations of Paragraph Ten.

11.     HMMA denies the allegations of Paragraph 11.

**STATEMENT OF FACTS**

12.     HMMA admits that Plaintiff began working at the Hyundai plant on or about January 17, 2006. HMMA admits that Plaintiff was assigned initially to work in a production job as a Team Member on the Moving Line Team in the Weld Shop. HMMA further admits that on or about March 8, 2006, Plaintiff was reassigned to work as a CCR Operator in the Weld Shop. HMMA denies that Plaintiff was under the "supervision" of Keith Ulrich because Team Leaders are not "supervisors." HMMA denies that this was a promotion. HMMA denies the remaining allegations of Paragraph 12.

13.     HMMA admits that as the CCR Operator, Plaintiff was required to input information into a standard Excel spreadsheet showing the causes of production downtime and the counter measures to the causes of the down time in the Weld Shop. HMMA admits that Mike Swindle became a Team Leader on or about April 24, 2006, on the Body Build Team A. HMMA denies the remaining allegations of Paragraph 13.

14. HMMA admits that it conducted an investigation into Plaintiff's allegations against Swindle, but was only able to confirm that Swindle had used inappropriate language in front of the Plaintiff on occasion. HMMA denies that it was able to confirm the existence of the remaining conduct alleged in Paragraph 14 and therefore denies the remaining allegations of Paragraph 14.

15. HMMA admits that it conducted an investigation into Plaintiff's allegations against Swindle, but was only able to confirm that Swindle had used inappropriate language in front of the Plaintiff on occasion. HMMA denies that Plaintiff was assigned to Swindle's team. HMMA denies that it was able to confirm the existence of the remaining conduct alleged in Paragraph 15 and therefore denies the remaining allegations of Paragraph 15.

16. HMMA admits that it conducted an investigation into Plaintiff's allegations against Swindle, but was only able to confirm that Swindle had used inappropriate language in front of the Plaintiff on occasion. HMMA denies that it was able to confirm the existence of the remaining conduct alleged in Paragraph 16 and therefore denies the remaining allegations of Paragraph 16.

17. HMMA admits that it conducted an investigation into Plaintiff's allegations against Swindle, but was only able to confirm that Swindle had used inappropriate language in front of the Plaintiff on occasion. HMMA denies that it was able to confirm the existence of the remaining conduct alleged in Paragraph 17 and therefore denies the remaining allegations of Paragraph 17.

18. HMMA admits that it conducted an investigation into Plaintiff's allegations against Swindle, but was only able to confirm that Swindle had used inappropriate language in

front of the Plaintiff on occasion. HMMA denies that it was able to confirm the existence of the remaining conduct alleged in Paragraph 18 and therefore denies the remaining allegations of Paragraph 18.

19. HMMA admits that it conducted an investigation into Plaintiff's allegations against Swindle, but was only able to confirm that Swindle had used inappropriate language in front of the Plaintiff on occasion. HMMA denies that it was able to confirm the existence of the remaining conduct alleged in Paragraph 19 and therefore denies the remaining allegations of Paragraph 19.

20. HMMA denies the allegations of Paragraph 20.

21. HMMA denies the allegations of Paragraph 21.

22. HMMA admits that Plaintiff made a formal complaint about Swindle's conduct to Team Relations on or about July 31, 2006. HMMA states that the content of her e-mail speaks for itself. HMMA denies the remaining allegations of Paragraph 22.

23. HMMA admits that Plaintiff met with Culpepper and Tom Bondy, the Manager of the Weld Shop, on or about August 1, 2006. HMMA admits that Bondy asked to meet with Plaintiff because he heard that she was upset. HMMA denies the remaining allegations of Paragraph 23.

24. HMMA denies the allegations of Paragraph 24.

25. HMMA admits that the decision to reassign Plaintiff to Body Complete 1-A Team was made in July of 2006, which is before Plaintiff ever made any complaint about Swindle's conduct. HMMA admits that Plaintiff applied for and received short-term disability benefits

beginning on or about August 17, 2006.  HMMA denies that Plaintiff was "demoted."  HMMA denies the remaining allegations of Paragraph 25.

26. HMMA denies the allegations of Paragraph 26.

27. HMMA denies the allegations of Paragraph 27.

## COUNT ONE

### SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT

28. HMMA adopts and incorporates its responses to Paragraphs 1-27 as if set forth fully herein.  HMMA admits that Plaintiff seeks to assert a claim against HMMA under Title VII of the Civil Rights Act of 1964, as amended, but denies that Plaintiff has any such valid claim.  HMMA denies the remaining allegations of Paragraph 28.

29. HMMA admits that Plaintiff is female, which is a protected group under Title VII.  HMMA denies the remaining allegations of Paragraph 29.

30. HMMA denies the allegations of Paragraph 30.

31. HMMA denies the allegations of Paragraph 31.

32. HMMA denies the allegations of Paragraph 32.

33. HMMA denies the allegations of Paragraph 33.

34. HMMA denies the allegations of Paragraph 34.

35. HMMA denies the allegations of Paragraph 35.

36. HMMA admits that Plaintiff seeks the requested relief but denies that Plaintiff is entitled to this or any other relief from HMMA.  HMMA denies the remaining allegations of Paragraph 36.

## COUNT TWO

### TITLE VII GENDER DISCRIMINATION

37. HMMA adopts and incorporates its responses to Paragraphs 1-36 as if set forth fully herein. HMMA admits that Plaintiff seeks to assert a claim for intentional discrimination against HMMA under Title VII of the Civil Rights Act of 1964, as amended, but denies that Plaintiff has any such valid claim. HMMA denies the remaining allegations of Paragraph 37.

38. HMMA admits the allegations of Paragraph 38.

39. HMMA denies the allegations of Paragraph 39.

40. HMMA denies the allegations of Paragraph 40.

41. HMMA denies the allegations of Paragraph 41.

42. HMMA admits that Plaintiff seeks the requested relief but denies that Plaintiff is entitled to this or any other relief from HMMA. HMMA denies the remaining allegations of Paragraph 42.

## COUNT THREE

### FAMILY AND MEDICAL LEAVE ACT

43. HMMA adopts and incorporates its responses to Paragraphs 1-42 as if set forth fully herein. HMMA admits that Plaintiff seeks to assert a claim under the Family and Medical Leave Act, but denies that Plaintiff has any such valid claim. HMMA denies the remaining allegations of Paragraph 43.

44. HMMA admits that Plaintiff was hired on or about January 17, 2006. HMMA admits that Plaintiff applied for and received short-term disability benefits beginning on or about

August 17, 2006. HMMA denies Plaintiff was eligible for FMLA leave for her leave of absence. HMMA denies the remaining allegations of Paragraph 44.

  45.  HMMA denies the allegations of Paragraph 45.

  46.  HMMA denies the allegations of Paragraph 46.

  47.  HMMA denies the allegations of Paragraph 47.

  48.  HMMA denies the allegations of Paragraph 48.

  49.  HMMA admits that Plaintiff seeks the requested relief but denies that Plaintiff is entitled to this or any other relief from HMMA. HMMA denies the remaining allegations of Paragraph 49.

## COUNT FOUR

## RETALIATION

  50.  HMMA adopts and incorporates its responses to Paragraphs 1-49 as if set forth fully herein. HMMA admits that Plaintiff seeks to assert a claim for retaliation under Title VII of the Civil Rights Act of 1964, as amended, but denies that Plaintiff has any such valid claim. HMMA denies the remaining allegations of Paragraph 50.

  51.  HMMA admits that Plaintiff filed an EEOC charge. HMMA denies that Plaintiff applied for re-employment at HMMA. HMMA denies the remaining allegations of Paragraph 51.

  52.  HMMA denies the allegations of Paragraph 52.

  53.  HMMA admits that Plaintiff seeks the requested relief but denies that Plaintiff is entitled to this or any other relief from HMMA. HMMA denies the remaining allegations of Paragraph 53.

## COUNT FIVE

### NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

54. HMMA adopts and incorporates its responses to Paragraphs 1-53 as if set forth fully herein. HMMA admits that Plaintiff seeks to assert a claim under Title VII of the Civil Rights Act of 1964, as amended, but denies that Plaintiff has any such valid claim. HMMA denies the remaining allegations of Paragraph 54.

55. HMMA denies the allegations of Paragraph 55.

56. HMMA denies the allegations of Paragraph 56.

57. HMMA denies the allegations of Paragraph 57.

58. HMMA denies the allegations of Paragraph 58.

59. HMMA denies the allegations of Paragraph 59.

60. HMMA admits that Plaintiff seeks the requested relief but denies that Plaintiff is entitled to this or any other relief from HMMA. HMMA denies the remaining allegations of Paragraph 60.

## COUNT SIX

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

61. HMMA adopts and incorporates its responses to Paragraphs 1-60 as if set forth fully herein. HMMA admits that Plaintiff seeks to assert a claim under Title VII of the Civil Rights Act of 1964, as amended, but denies that Plaintiff has any such valid claim. HMMA denies the remaining allegations of Paragraph 61.

62. HMMA denies the allegations of Paragraph 62.

63. HMMA denies the allegations of Paragraph 63.

64. HMMA denies the allegations of Paragraph 64.

65. HMMA denies the allegations of Paragraph 65.

66. HMMA admits that Plaintiff seeks the requested relief but denies that Plaintiff is entitled to this or any other relief from HMMA. HMMA denies the remaining allegations of paragraph 66.

## COUNT SEVEN

## INVASION OF PRIVACY

67. HMMA adopts and incorporates its responses to Paragraphs 1-66 as if set forth fully herein. HMMA admits that Plaintiff seeks to assert a claim under Title VII of the Civil Rights Act of 1964, as amended, but denies that Plaintiff has any such valid claim and any such alleged intrusion would be not be considered highly offensive to a reasonable person. HMMA denies the remaining allegations of Paragraph 67.

68. HMMA denies the allegations of Paragraph 68.

69. HMMA denies the allegations of Paragraph 69.

70. HMMA denies the allegations of Paragraph 70.

71. HMMA admits that Plaintiff seeks the requested relief but denies that Plaintiff is entitled to this or any other relief from HMMA. HMMA denies the remaining allegations of Paragraph 71.

## COUNT EIGHT

## ASSAULT AND BATTERY

72. HMMA adopts and incorporates its responses to Paragraphs 1-71 as if set forth fully herein. HMMA admits that Plaintiff seeks to assert a claim under Title VII of the Civil

Rights Act of 1964, as amended, but denies that Plaintiff has any such valid claim. HMMA denies the remaining allegations of Paragraph 72.

73.   HMMA denies the allegations of Paragraph 73.

74.   HMMA denies the allegations of Paragraph 74.

75.   HMMA denies the allegations of Paragraph 75.

76.   HMMA denies the allegations of Paragraph 76.

77.   HMMA admits that Plaintiff seeks the requested relief but denies that Plaintiff is entitled to this or any other relief from HMMA. HMMA denies the remaining allegations of Paragraph 77.

## COUNT NINE

## SLANDER

78.   HMMA adopts and incorporates its responses to Paragraphs 1-77 as if set forth fully herein. HMMA admits that Plaintiff seeks to assert a claim under Title VII of the Civil Rights Act of 1964, as amended, but denies that Plaintiff has any such valid claim. HMMA denies the remaining allegations of Paragraph 78.

79.   HMMA denies the allegations of Paragraph 79.

80.   HMMA denies the allegations of Paragraph 80.

81.   HMMA denies the allegations of Paragraph 81.

82.   HMMA admits that Plaintiff seeks the requested relief but denies that Plaintiff is entitled to this or any other relief from HMMA. HMMA denies the remaining allegations of Paragraph 82.

HMMA denies that Plaintiff is entitled to any of the relief sought in her Prayer for Relief or in Paragraphs A-F, or to any other relief from this Defendant. HMMA denies the remaining allegations of the Paragraph contained in the Prayer for Relief.

## ADDITIONAL DEFENSES

In addition to the foregoing, HMMA asserts the following defenses:

### FIRST DEFENSE

The complaint fails in whole or in part to state a claim upon which relief can be granted.

### SECOND DEFENSE

With regard to any allegations in the Complaint that involve incidents or actions by HMMA alleged to have occurred or that in fact did occur more than 180 days prior to Plaintiff's filing of a charge with the EEOC, said filing was untimely, and the conditions precedent for suit have not been satisfied.

### THIRD DEFENSE

With regard to any allegations in the Complaint alleging discriminatory practices of HMMA not specifically contained in the charge that Plaintiff filed with the EEOC or not set out in said charge with the particularity necessary to give HMMA proper notice of the date, place and circumstances of the particular practices alleged to be discriminatory, the conditions precedent for suit under Title VII have not been satisfied.

### FOURTH DEFENSE

As discovery proceeds, HMMA reserves the right to raise the defense that Plaintiff has failed to satisfy the statutory conditions precedent to suit.

**FIFTH DEFENSE**

All actions taken in regards to the Plaintiff were based upon legitimate, nondiscriminatory and nonretaliatory reasons.

**SIXTH DEFENSE**

Although HMMA denies Plaintiff's gender, or exercise of civil rights, or any supposed exercise of rights under the FMLA were determinative or substantial motivating factors in any adverse employment action which may be found to have occurred, if Plaintiff demonstrates that her protected characteristic was such a factor, in the case of each such decision or alleged adverse employment action, HMMA will show that the same decision would have been reached regardless of the Plaintiff's protected characteristic.

**SEVENTH DEFENSE**

Plaintiff cannot establish prima facie case of discrimination, harassment or retaliation.

**EIGHTH DEFENSE**

Even if Plaintiff could state a prima facie case of harassment, discrimination or retaliation, she cannot establish that the HMMA's legitimate, non-discriminatory reasons for its actions were a pretext for an intent to discriminate or retaliate against them on the basis of her membership in a protected class, her exercise of their civil rights, or to violate the FMLA.

**NINTH DEFENSE**

Plaintiff is barred as a matter of law from recovering for a hostile work environment or harassment based claim because HMMA exercised reasonable care to prevent and promptly correct any harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by HMMA or to avoid harm otherwise.

### TENTH DEFENSE

At all times relevant to this suit, HMMA maintained a policy prohibiting unlawful harassment, discrimination or retaliation and allowing Plaintiff to seek redress of any alleged harassing, discriminatory or retaliatory treatment. Plaintiff failed to make any timely complaint of such alleged treatment, and Plaintiff's claims against the HMMA are thereby barred.

### ELEVENTH DEFENSE

Plaintiff's claims under the FMLA are limited to only those remedies provided for in 29 U.S.C. Section 2617.

### TWELFTH DEFENSE

Plaintiff was not eligible for FMLA leave.

### THIRTEENTH DEFENSE

Plaintiff did not properly request FMLA leave, and Plaintiff was not entitled to any FMLA leave even if she properly requested it.

### FOURTEENTH DEFENSE

The Plaintiff's compensatory and punitive damages claims under Title VII are subject to the limitations imposed by 42 U.S.C. § 1981a.

### FIFTEENTH DEFENSE

HMMA denies that it has consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the Plaintiff or has been guilty of any conduct which entitles the Plaintiff to recover punitive damages.

## SIXTEENTH DEFENSE

Punitive damages are not available because the actions alleged in the Complaint were contrary to the HMMA's policies and good faith efforts to comply with the laws.

## SEVENTEENTH DEFENSE

Plaintiff is not entitled to compensatory damages because any emotional distress or mental anguish she allegedly suffered was caused by occurrences other than conduct for which the HMMA is liable as a matter of law.

## EIGHTEENTH DEFENSE

No action of the HMMA proximately caused any injury or damage allegedly suffered by the Plaintiff.

## NINTEENTH DEFENSE

To the extent any alleged unlawful touching was consensual, there is no violation of state or federal law.

## TWENTIETH DEFENSE

Plaintiff's negligence claim is barred by her own negligence.

## TWENTY-FIRST DEFENSE

Plaintiff's assault and battery claims may be precluded by the defenses of self-defense or the doctrine of justification.

## TWENTY-SECOND DEFENSE

Plaintiff's claim for slander is barred because any statements made were true.

### TWENTY-THIRD DEFENSE

HMMA asserts that any alleged defamatory statements were subject to conditional or absolute privilege.

### TWENTY-FOURTH DEFENSE

Plaintiff's claim of slander must fail because there was no publication of any alleged defamatory statements.

### TWENTY-FIFTH DEFENSE

To the extent Plaintiff seeks to assert a claim for invasion of privacy against HMMA, Plaintiff cannot establish such a claim because she cannot prove that an agent of HMMA intruded into the Plaintiff's physical solitude or seclusion and she cannot prove any of the other necessary elements of a claim for invasion of privacy.

### TWENTY-SIXH DEFENSE

Plaintiff's state law claims are subject to the requirements of proof and limitations placed on the award of damages under the Alabama Code.

### TWENTY-SEVENTH DEFENSE

Some or all of the Plaintiff's claims are barred by the "at-will" employment doctrine.

### TWENTY-EIGHTH DEFENSE

Plaintiff's punitive damage claims under Alabama law are subject to the limits and restrictions established by the Alabama Legislature, as set forth in, inter alia, Ala. Code §§ 6-11-20 to 6-11-30.

**TWENTY-NINTH DEFENSE**

HMMA avers that any award of punitive damages to the Plaintiff in this case would be in violation of the constitutional safeguards provided to the HMMA under the Constitution of the United States of America and the State of Alabama.

**THIRTIETH DEFENSE**

To the extent any unlawful conduct is found to have been committed by any agent of HMMA, HMMA should not be held liable because the conduct was outside the line and scope of the agent's employment, and the agent did not act with express or implied authority, and HMMA did not ratify or approve any unlawful conduct.

**THIRTY-FIRST DEFENSE**

Upon discovery of sufficient facts, HMMA reserves the right to raise the defense of "unclean hands" or "after-acquired evidence."

**THIRTY-SECOND DEFENSE**

Plaintiff has failed to mitigate her damages.

**THIRTY-THIRD DEFENSE**

Some or all of Plaintiff's claims are barred by the applicable period of limitations or the doctrine of laches.

**THIRTY-FOURTH DEFENSE**

Some or all of the Plaintiff's claims may be barred by the doctrines of estoppel or waiver.

**WHEREFORE**, having fully answered the Plaintiff's complaint, HMMA respectfully requests that the Plaintiff's complaint be forthwith dismissed and HMMA awarded fees and expenses incurred in the defense of this frivolous and vexatious action.

>/s/  Brian R. Bostick
>J. TRENT SCOFIELD (SCO024)
>BRIAN R. BOSTICK (BOS015)
>**OGLETREE, DEAKINS, NASH,**
>  **SMOAK & STEWART, P.C.**
>One Federal Place, Suite 1000
>1819 Fifth Avenue North
>Birmingham, AL 35203
>(205) 328-1900
>brian.bostick@odnss.com
>Attorneys for Defendants
>Hyundai Motor Manufacturing Alabama, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of October, 2007, I electronically filed the foregoing Answer to Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kenneth D. Haynes
Alicia K. Haynes
Haynes & Haynes, P.C.
1600 Woodmere Drive
Birmingham, Alabama  35226
(205) 879-0377

J. Tobias Dykes
Constangy, Brooks & Smith
One Federal Place
1819 Fifth Avenue North, Suite 900
Birmingham, Alabama  35203

/s/ Brian R. Bostick
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205)328-1900
Facsimile: (205)328-6000
brian.bostick@odnss.com