# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| TAMMY EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. |
| HYUNDAI MOTOR | ) | 2:07cv908-MHT |
| MANUFACTURING ALABAMA, | ) | |
| LLC, and MIKE SWINDLE, | ) | |
| Individually, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT MIKE SWINDLE'S
## ANSWER TO PLAINTIFF'S COMPLAINT

### JURISDICTION AND VENUE

1.    Defendant admits that plaintiff's complaint seeks legal and equitable relief under Title VII, 42 U.S.C. § 1981, Alabama state laws, and the FMLA.    Defendant denies that he has committed any unlawful employment actions or that he has violated any state or federal laws.

2.    Defendant admits that plaintiff claims that subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1343(4) and 1367.

**PARTIES**

3.    Defendant admits that plaintiff is over the age of 19.  Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 3 of the Complaint, so they are denied.

4.    Defendant admits that HMMA is an automotive manufacturer and that it has a plant located in Montgomery County, Alabama.  Defendant also admits that HMMA is doing business in Montgomery County, Alabama.  Defendant denies the remaining allegations of Paragraph 4.

5.    Defendant admits the allegations contained in paragraph 5.

**NATURE OF ACTION**

6.    Paragraph 6 of the Complaint requires neither admission nor denial by defendant, so the allegations are denied.  To the extent paragraph 6 alleges any wrongful or unlawful conduct by defendant, those allegations are specifically denied.

7.    Defendant admits that plaintiff makes allegations of unlawful acts in her complaint.  Defendant denies that he has committed any unlawful acts.

8.    Paragraph 8 of the Complaint requires neither admission nor denial by defendant, so the allegations are denied.  To the extent paragraph 8

of the Complaint alleges any wrongful or unlawful conduct by defendant, those allegations are specifically denied.

## ADMINISTRATIVE PROCEDURES

9.      Defendant admits that plaintiff filed a Charge of Discrimination on September 26, 2006.   Defendant denies the remaining allegations contained in paragraph 9 of the Complaint.

10.     Defendant admits that the EEOC issued plaintiff a Notice of Right to Sue on July 10, 2007.

11.     Defendant denies the allegations contained in paragraph 11 of the Complaint.

## STATEMENT OF FACTS

12.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 12 of the Complaint.   Therefore, the allegations are denied.

13.     Defendant admits that he was in charge of the Body Build Line. Defendant further admits that plaintiff reported "down time" to defendant. Defendant denies the remaining allegations contained in paragraph 13.

14.     Defendant denies the allegations contained in paragraph 14 of the Complaint.

15.    Defendant admits that he was promoted to Team Leader on or about April 24, 2006, and defendant admits that plaintiff was on his team. Defendant denies the remaining allegations contained in paragraph 15.

16.    Defendant denies the allegations contained in paragraph 16 of the Complaint.

17.    Defendant denies the allegations contained in paragraph 17 of the Complaint.

18.    Defendant denies the allegations contained in paragraph 18 of the Complaint.

19.    Defendant denies the allegations contained in paragraph 19 of the Complaint.

20.    To the extent paragraph 20 of the Complaint makes allegations that defendant sexually harassed plaintiff, those allegations are denied. Defendant is without sufficient information to either admit or deny the remaining allegations in paragraph 20 of the Complaint, and they are denied.

21.    To the extent the allegations contained in paragraph 21 of the Complaint relate to defendant, those allegations are denied. Defendant is without sufficient information to either admit or deny the remaining allegations contained in paragraph 21 of the Complaint, and they are denied.

22.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 22 of the Complaint.  Therefore, the allegations are denied.  To the extent paragraph 22 of the Complaint makes any allegations of wrongful or unlawful conduct against defendant, those allegations are denied.

23.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 23 of the Complaint.  Therefore, the allegations are denied.  To the extent paragraph 23 of the Complaint makes any allegations of wrongful or unlawful conduct against defendant, those allegations are denied.

24.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 24 of the Complaint.  Therefore, the allegations are denied.  To the extent paragraph 24 of the Complaint makes any allegations of wrongful or unlawful conduct against defendant, those allegations are denied.

25.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 25 of the Complaint.  Therefore, the allegations are denied.  To the extent paragraph 25 of the Complaint makes any allegations of wrongful or unlawful conduct against defendant, those allegations are denied.

26.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 26 of the Complaint.   Therefore, the allegations are denied.  To the extent paragraph 26 of the Complaint makes any allegations of wrongful or unlawful conduct against defendant, those allegations are denied.

27.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 27 of the Complaint.   Therefore, the allegations are denied.

<u>**COUNT ONE**</u>

**SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT**

28.    Defendant adopts and re-asserts its answers to paragraphs 1-27 of the Complaint.  Defendant further admits that the allegations in Count One are made against defendant Hyundai and not defendant Spindle.  To the extent the allegations in Count One of the Complaint make any allegations of wrongful conduct against defendant Spindle, such allegations are denied.

29.    Count One of the Complaint does not allege a claim against defendant and requires neither admission nor denial by defendant.  To the extent paragraph 29 makes any allegations of unlawful conduct by defendant, those allegations are denied.

30.    Count One of the Complaint does not allege a claim against defendant and requires neither admission nor denial by defendant.  To the extent paragraph 30 makes any allegations of unlawful conduct by defendant, those allegations are denied.

31.    Count One of the Complaint does not allege a claim against defendant and requires neither admission nor denial by defendant.  However, the specific allegations against defendant in paragraph 31 of the Complaint are denied.

32.     Count One of the Complaint does not allege a claim against defendant and requires neither admission nor denial by defendant.  However, the specific allegations against defendant in paragraph 32 of the Complaint are denied.

33.    Count One of the Complaint does not allege a claim against defendant and requires neither admission nor denial by defendant.  However, the specific allegations against defendant in paragraph 33 of the Complaint are denied.

34.    Count One of the Complaint does not allege a claim against defendant and requires neither admission nor denial by defendant.  However, the specific allegations against defendant in paragraph 34 of the Complaint are denied.

35.    Count One of the Complaint does not allege a claim against defendant and requires neither admission nor denial by defendant.  To the extent paragraph 35 makes any allegations of unlawful conduct by defendant, those allegations are denied.

36.    Count One of the Complaint does not allege a claim against defendant and requires neither admission nor denial by defendant.  To the extent paragraph 36 makes any allegations of unlawful conduct by defendant, those allegations are denied.

## COUNT TWO

### TITLE VIII GENDER DISCRIMINATION

37.    Defendant adopts and re-asserts its answers to paragraphs 1-36. Defendant further admits that the allegations in Count Two are made against defendant Hyundai and not defendant Spindle.  To the extent the allegations in Count Two of the Complaint make any allegations of wrongful conduct against defendant Spindle, such allegations are denied.

38.    Count Two of the Complaint does not allege a claim against defendant and requires neither admission nor denial by defendant.  To the extent paragraph 38 makes any allegations of unlawful conduct by defendant, those allegations are denied.

39.    Count Two of the Complaint does not allege a claim against defendant and requires neither admission nor denial by defendant.  To the extent paragraph 39 makes any allegations of unlawful conduct by defendant, those allegations are denied.

40.    Count Two of the Complaint does not allege a claim against defendant and requires neither admission nor denial by defendant.  To the extent paragraph 40 makes any allegations of unlawful conduct by defendant, those allegations are denied.

41.    Count Two of the Complaint does not allege a claim against defendant and requires neither admission nor denial by defendant.  To the extent paragraph 41 makes any allegations of unlawful conduct by defendant, those allegations are denied.

42.    Count Two of the Complaint does not allege a claim against defendant and requires neither admission nor denial by defendant.  To the extent paragraph 42 makes any allegations of unlawful conduct by defendant, those allegations are denied.

## COUNT THREE

### FAMILY AND MEDICAL LEAVE ACT

43.    Defendant adopts and re-asserts its answers to paragraphs 1-42. Defendant further admits that the allegations in Count Three are made

against defendant Hyundai and not defendant Spindle. To the extent the allegations in Count Three of the Complaint make any allegations of wrongful conduct against defendant Spindle, such allegations are denied.

44. Count Three of the Complaint does not allege a claim against defendant and requires neither admission nor denial by defendant. To the extent paragraph 44 makes any allegations of unlawful conduct by defendant, those allegations are denied.

45. Count Three of the Complaint does not allege a claim against defendant and requires neither admission nor denial by defendant. To the extent paragraph 45 makes any allegations of unlawful conduct by defendant, those allegations are denied.

46. Count Three of the Complaint does not allege a claim against defendant and requires neither admission nor denial by defendant. To the extent paragraph 46 makes any allegations of unlawful conduct by defendant, those allegations are denied.

47. Count Three of the Complaint does not allege a claim against defendant and requires neither admission nor denial by defendant. To the extent paragraph 47 makes any allegations of unlawful conduct by defendant, those allegations are denied.

48.    Count Three of the Complaint does not allege a claim against defendant and requires neither admission nor denial by defendant.  To the extent paragraph 48 makes any allegations of unlawful conduct by defendant, those allegations are denied.

49.    Count Three of the Complaint does not allege a claim against defendant and requires neither admission nor denial by defendant.  To the extent paragraph 49 makes any allegations of unlawful conduct by defendant, those allegations are denied.

## COUNT FOUR

### RETALIATION

50.    Defendant adopts and re-asserts its answers to paragraphs 1-49. Defendant further admits that the allegations in Count Four are made against defendant Hyundai and not defendant Spindle.  To the extent the allegations in Count Four of the Complaint make any allegations of wrongful conduct against defendant Spindle, such allegations are denied.

51.    Count Four of the Complaint does not allege a claim against defendant and requires neither admission nor denial by defendant.  To the extent paragraph 51 makes any allegations of unlawful conduct by defendant, those allegations are denied.

52.    Count Four of the Complaint does not allege a claim against defendant and requires neither admission nor denial by defendant.  To the extent paragraph 52 makes any allegations of unlawful conduct by defendant, those allegations are denied.

53.    Count Four of the Complaint does not allege a claim against defendant and requires neither admission nor denial by defendant.  To the extent paragraph 53 makes any allegations of unlawful conduct by defendant, those allegations are denied.

## COUNT FIVE

### NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

54.    Defendant adopts and re-asserts its answers to paragraphs 1-53. Defendant further admits that the allegations in Count Five are made against defendant Hyundai and not defendant Spindle.  To the extent the allegations in Count Five of the Complaint make any allegations of wrongful conduct against defendant Spindle, such allegations are denied.

55.    Count Five of the Complaint does not allege a claim against defendant and requires neither admission nor denial by defendant.  To the extent paragraph 55 makes any allegations of unlawful conduct by defendant, those allegations are denied.

56.    Count Five of the Complaint does not allege a claim against defendant and requires neither admission nor denial by defendant.  To the extent paragraph 56 makes any allegations of unlawful conduct by defendant, those allegations are denied.

57.    Count Five of the Complaint does not allege a claim against defendant and requires neither admission nor denial by defendant.  To the extent paragraph 57 makes any allegations of unlawful conduct by defendant, those allegations are denied.

58.    Count Five of the Complaint does not allege a claim against defendant and requires neither admission nor denial by defendant.  To the extent paragraph 58 makes any allegations of unlawful conduct by defendant, those allegations are denied.

59.    Count Five of the Complaint does not allege a claim against defendant and requires neither admission nor denial by defendant.  To the extent paragraph 59 makes any allegations of unlawful conduct by defendant, those allegations are denied.

60.    Count Five of the Complaint does not allege a claim against defendant and requires neither admission nor denial by defendant.  To the extent paragraph 60 makes any allegations of unlawful conduct by defendant, those allegations are denied.

## COUNT SIX

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

61.    Defendant adopts and re-asserts its answers to paragraphs 1-60. Defendant further admits that the allegations in Count Six are made against both defendants.  Defendant denies that he violated any laws of the State of Alabama or that he intentionally inflicted emotionally distress upon the plaintiff.

62.    Defendant denies the allegations contained in paragraph 62 of the Complaint.  Defendant further denies that any of his conduct was extreme, outrageous, or beyond the bounds of human decency.

63.    Defendant denies the allegations contained in paragraph 63 of the Complaint.

64.    Defendant denies the allegations contained in paragraph 64 of the Complaint.

65.    The allegations contained in paragraph 65 of the Complaint do not apply to defendant and require neither admission nor denial.  To the extent paragraph 65 of the Complaint contains any allegations of wrongful conduct by defendant, such allegations are denied.  Further, to the extent paragraph 65 of the Complaint claims that any conduct by defendant caused

plaintiff damage, defendant denies those allegations and denies that plaintiff is entitled to any damages.

66.    Paragraph 66 contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to allege some wrongful conduct, said construction is denied.  Defendant further denies that plaintiff is entitled to any relief.

## COUNT SEVEN

## INVASION OF PRIVACY

67.    Defendant adopts and re-asserts its answers to paragraphs 1-66. Defendant further admits that in Count Seven plaintiff claims that defendant invaded plaintiff's right to privacy.  Defendant denies that it committed any unlawful acts or that it violated plaintiff's privacy.

68.    Defendant denies the allegations contained in paragraph 68 of the Complaint.

69.    Defendant denies the allegations contained in paragraph 69 of the Complaint.

70.    Defendant denies the allegations contained in paragraph 70 of the Complaint and further denies that plaintiff is entitled to any damages.

71.    Paragraph 71 contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to

allege some wrongful conduct, said construction is denied. Defendant further denies that plaintiff is entitled to any relief.

## COUNT EIGHT

## ASSAULT AND BATTERY

72.     Defendant adopts and re-asserts his answers to paragraphs 1-71. Defendant further admits that plaintiff's claims in Count Eight of the Complaint are for assault and battery against both defendants. Defendant denies that he committed any unlawful actions, and defendant denies that he assaulted and battered the plaintiff.

73.     Defendant denies the allegations contained in paragraph 73 of the Complaint.

74.     Defendant denies that he committed any wrongful conduct. Defendant further denies that he committed any acts outside the scope of his authority as a team leader.

75.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 75 of the Complaint. To the extent paragraph 75 alleges any unlawful or wrongful conduct by defendant, all such allegations are denied.

76.     Defendant denies the allegations contained in paragraph 76 and further denies that plaintiff is entitled to any damages.

77.    Paragraph 77 contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to allege some wrongful conduct, said construction is denied.  Defendant further denies that plaintiff is entitled to any relief.

## COUNT NINE

### SLANDER

78.    Defendant adopts and re-asserts his answers to paragraphs 1-77. Defendant further admits that Count Nine makes allegations of libel and slander.  Defendant denies that he committed any unlawful actions and further denies plaintiff's allegations that he libeled or slandered plaintiff.

79.    Defendant denies the allegations contained in paragraph 79.

80.    Defendant denies the allegations contained in paragraph 80.

81.    Defendant denies the allegations contained in paragraph 81 and further denies that plaintiff is entitled to any damages.

82.    Paragraph 82 contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for relief is construed to allege some wrongful conduct, said construction is denied.  Defendant further denies that plaintiff is entitled to any relief.

83.    The remainder of the Complaint contains a prayer for relief, which requires neither admission nor denial.  To the extent the prayer for

relief is construed to allege some wrongful conduct, said construction is denied. Defendant further denies that plaintiff is entitled to any relief.

84.    Any Complaint allegations not expressly admitted herein are hereby denied in their entirety.

## ADDITIONAL DEFENSES

### FIRST DEFENSE

The Complaint or portions thereof fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Complaint or portions thereof are barred by the applicable statute of limitations.

### THIRD DEFENSE

All, or part, of plaintiff's claims are barred by the doctrines of estoppel, waiver, and unclean hands.

### FOURTH DEFENSE

Defendant denies he has been guilty of any conduct which entitles plaintiff to recover punitive damages.

### FIFTH DEFENSE

Defendant avers that the Complaint fails to state a claim on which punitive damages may be awarded to plaintiff.

## SIXTH DEFENSE

Defendant avers that any award of punitive damages to plaintiff in this case would be violative of the constitutional safeguards provided to defendant under the Constitution of the State of Alabama and under the Constitution of the United States of America.

## SEVENTH DEFENSE

The Complaint fails to state a claim for punitive damages under Ala. Code § 6-11-20 to 6-11-30 and is barred.

## EIGHTH DEFENSE

To the extent a jury finds defendant liable for punitive damages, any such award must comply with the provisions of Ala. Code § 6-11-21.

## NINTH DEFENSE

To the extent plaintiff has failed to mitigate her damages, she is barred from recovering from defendant.

## TENTH DEFENSE

Plaintiff's claim for punitive damages fails because she cannot prove that defendant acted maliciously or with callous disregard for her rights.

## ELEVENTH DEFENSE

Plaintiff's claims are barred to the extent that defendant has been unduly prejudiced by plaintiff's failure to diligently pursue her claim against defendant.

## TWELFTH DEFENSE

Plaintiff's claims are barred by one or more of the doctrines of contributory negligence, estoppel, injury by fellow servant, unclean hands, or assumption of the risk.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to compensatory damages because any emotional distress or mental anguish she allegedly suffered was caused by occurrences other than conduct for which defendant is liable as a matter of law.

## FOURTEENTH DEFENSE

No action of defendant proximately caused any injury or damage allegedly suffered by the Plaintiff.

## FIFTEENTH DEFENSE

To the extent any alleged unlawful touching was consensual, there is no violation of state or federal law.

## SIXTEENTH DEFENSE

Defendant vehemently denies making any defamatory/slanderous statements; however, to the extent necessary, defendant pleads the defense of truth.

## SEVENTEENTH DEFENSE

Defendant asserts that any alleged defamatory statements were subject to conditional or absolute privilege.

Wherefore, having fully answered the Complaint, defendant requests that the Complaint be dismissed with prejudice; that judgment be entered for defendant; and that defendant be awarded attorneys' fees herein, plus such other general and equitable relief as this Court deems just and appropriate.

Respectfully submitted,

*/s/J. Tobias Dykes*
J. Tobias Dykes (ASB-0483-E66J)
E-Mail:  tdykes@constangy.com
CONSTANGY, BROOKS & SMITH, LLC
Suite 900, One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone:   (205) 252-9321
Facsimile:    (205) 323-7674

**Counsel for Defendant Mike Swindle**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system and also upon the following counsel of record by same:

Kenneth D. Haynes
Alicia K. Haynes
**Haynes & Haynes, P.C.**
1600 Woodmere Drive
Birmingham, AL  35226
(205) 879-0377

J. Trent Scofield
Brian R. Bostick
**Ogletree, Deakins, Nash,**
  **Smoak & Steward, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL  35203
(205) 328-1900

This 1st day of November, 2007.

/s/J. Tobias Dykes
Attorney for Mike Swindle