**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| TAMMY EDWARDS,            ) | |
| )| |
|     **Plaintiff,**      ) | |
| ) | **CIVIL ACTION NUMBER:** |
| v.                         ) | **2:07-cv-908-MHT** |
| ) | |
| HYUNDAI MOTOR MANUFACTURING ) | |
| ALABAMA, LLC, and MIKE SWINDLE, ) | |
| individually,              ) | |
| ) | |
|     **Defendants.**    ) | |

**REPORT OF PARTIES' PLANNING MEETING**

1. Pursuant to Fed. R. Civ. P. 26(f) a meeting was held on **November 16, 2007**, and was attended by:

    Alicia K. Haynes for Plaintiff,

    J. Tobias Dykes for Defendant Mike Swindle, and

    Brian R. Bostick for Defendant Hyundai Motor Manufacturing Alabama, LLC.

2. **Pre-Discovery Disclosures.** The parties will exchange by **December 15, 2007,** the information required by Fed. R. Civ. P. 26(a).

3. **Discovery Plan.** The parties jointly propose to the Court the following discovery plan:

    a. Discovery will be needed on the following subjects: Plaintiff's Claims and requested damages and Defendants' defenses.

      b.      Disclosure or discovery of electronically stored information should be handled as follows:

The parties agree that with respect to any electronically stored documents that are identified or requested during the course of discovery, such documents, to the extent reasonably accessible or otherwise not objectionable, will be produced either as a hard copy on paper, or stored on a CD or DVD formatted as a .PDF (portable document format) file. There may be some documents that are produced by one party that another party may have a desire to observe in the document's native electronic format. The parties agree to meet and confer to discuss this matter if such a situation arises, and will seek Court involvement only if the parties cannot reach an agreement on the production of such documents in their native form.

      c.      The parties agree that any inadvertently produced material which any party claims as privileged or as trial preparation material, shall be promptly returned, sequestered or destroyed once a request for the same is made within a reasonable time after disclosure. The parties request that this agreement be reflected in the Court's Scheduling Order.

- All discovery commenced in time to be completed by **June 1, 2008**.
- Maximum of 25 interrogatories by each party to any other party.
- Maximum of 25 requests for admission by each party to any other party.
- Maximum of 10 depositions by Plaintiff and 10 by each Defendant.
- Each deposition limited to maximum of 7 hours unless extended by agreement of parties. Plaintiff requests that the Plaintiff's deposition by both Defendants be limited to a total of 7 hours. Defendants object to this Request and assert that each Defendant be allowed to take its own deposition with its own time limits.

- Reports from retained experts under Rule 26(a)(2) due:

    From Plaintiff by: **March 1, 2008**

    From Defendants by: **May 7, 2008**

- Supplementations under Rule 26(e) due: The parties agree to supplement Initial Disclosures as soon as practicable, final supplementations due on or before 30 days preceding the discovery deadline.

    4. **Other Items.**

- The parties do not request a conference with the Court before entry of the scheduling order.

- The parties request a pretrial conference in **September, 2008**.

- Plaintiff should be allowed until **January 15, 2008** to join additional parties and to amend the pleadings.

- Defendants should be allowed until **January 25, 2008** to join additional parties and to amend the pleadings.

- All potentially dispositive motions should be filed by **April 4, 2008**.

- Settlement cannot be evaluated prior to completion of some initial discovery.

- Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:

    From Plaintiff by: **40** days prior to trial

    From Defendants by: **30** days prior to trial

- Parties should have **10** days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

- The case should be ready for trial on the Court's **October 1, 2008**, docket and at this time is expected to take approximately **2-3** days.

Respectfully submitted,

s/ Alicia K. Haynes
Kenneth D. Haynes
Alicia K. Haynes
Haynes & Haynes, P.C.
1600 Woodmere Drive
Birmingham, Alabama  35226
(205) 879-0377

**Attorney for Plaintiff Tammy Edwards**

s/ J. Tobias Dykes
J. Tobias Dykes
Constangy, Brooks & Smith
One Federal Place
1819 Fifth Avenue North, Suite 900
Birmingham, Alabama  35203
(205) 226-5469

**Attorney for Defendant Mike Swindle**


/s/ Brian R. Bostick
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205)328-1900
Facsimile: (205)328-6000
brian.bostick@odnss.com

**Attorney for Defendant Hyundai Motor Manufacturing Alabama, LLC**