IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TAMMY EDWARDS,            )<br>                          )<br>    Plaintiff,          )<br>                          )<br>v.                        )<br>                          )<br>HYUNDAI MOTOR MANUFACTURING )<br>ALABAMA, LLC, and MIKE SWINDLE, )<br>individually,            )<br>                          )<br>    Defendants.        )  | CIVIL ACTION NUMBER:<br>2:07-cv-908-MHT |

## JOINT MOTION FOR PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the parties move the Court to enter the proposed protective order, attached to this motion. In support of their motion, the parties state:

1. This is an employment discrimination case.

2. Through discovery, the Parties seek production of medical records of Plaintiff, financial records of Plaintiff, and confidential business records and personnel files of some of the employees of defendant Hyundai Motor Manufacturing Alabama, LLC ("HMMA").

3. HMMA's employees have legitimate confidentiality and privacy expectations regarding some or all of the documents contained in their personnel files. Plaintiff has legitimate interest in the privacy of her medical records. HMMA has an interest in protecting the confidentiality of its business records.

4. The attached protective order is designed to protect the legitimate confidentiality and privacy expectations of HMMA, its employees, and Plaintiff.

THIS WILL CERTIFY THAT ALL PARTIES HAVE AGREED TO THE ABOVE AND HAVE AGREED THAT BRIAN R. BOSTICK WILL E-FILE THE FOREGOING JOINT MOTION FOR PROTECTIVE ORDER.

Respectfully submitted this the 28th day of April, 2008.

FOR PLAINTIFF

*s/ Alicia K. Haynes*
Kenneth D. Haynes
Alicia K. Haynes
HAYNES & HAYNES, P.C.
1600 Woodmere Drive
Birmingham, Alabama  35226
(205) 879-0377

FOR DEFENDANT
HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC

*s/ Brian R. Bostick*
Timothy A. Palmer
Brian R. Bostick
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1819 Fifth Avenue North
One Federal Place
Suite 1000
Birmingham, Alabama  35203-2118
Phone:  (205) 328-1900
brian.bostick@odnss.com

FOR DEFENDANT MIKE SWINDLE

*s/ J. Tobias Dykes*
J. Tobias Dykes
Constangy, Brooks & Smith
One Federal Place
1819 Fifth Avenue North, Suite 900
Birmingham, Alabama  35203

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **TAMMY EDWARDS,** ) | |
| ) | |
|    **Plaintiff,** ) | |
| ) | **CIVIL ACTION NUMBER:** |
| v. ) | **2:07-cv-908-MHT** |
| ) | |
| **HYUNDAI MOTOR MANUFACTURING** ) | |
| **ALABAMA, LLC, and MIKE SWINDLE,** ) | |
| **individually,** ) | |
| ) | |
|    **Defendants.** ) | |

**PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), for good cause shown and by agreement of all parties, it is hereby ORDERED:

1. The purpose of this Protective Order is to protect from general disclosure information which is ordinarily and customarily regarded as confidential and/or proprietary by defendant Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), as well as Plaintiff's medical and financial records. Control and distribution of all material covered by this Protective Order shall be the responsibility of the attorneys of record, and no copies of any protected information shall be made, furnished, or disclosed to any other person, firm, or corporation except as provided herein.

2. The information and documents that are produced in this case by HMMA and by Plaintiff shall be utilized **in this case only** and said information or documents shall not be disclosed to anyone other than the following:

    (a)    counsel representing the parties in this litigation, including counsel or any other legal staff personnel who are employed by a party and are participating in litigation on behalf of a party;

    (b)    direct employees of counsel representing the parties in litigation;

    (c)    any party or director, officer, consultant, or representative of any party or attorney for a party who is either required by such party or requested by counsel to assist with this litigation;

    (d)    expert consultants and expert witnesses including without limitation accountants, analysts, consultants, or engineers and employees or assistants under the control of any of the foregoing, who are engaged by counsel for the purpose of this litigation;

    (e)    actual witnesses or deponents as provided in paragraphs 6 and 7;

    (f)    such other persons as may be specifically designated by the Court.

Not withstanding any other provision of this Protective Order, neither the parties nor their counsel shall give, show, or otherwise divulge plaintiff's medical records, reports of psychological condition or other health-related matters (Collectively "medical records information"), or the substance or contents thereof, or any copies or summaries thereof, to any person or entity except:

    (a)    the parties' outside counsel and their associates, clerks, legal assistants, and stenographic personnel;

    (b)    experts and consultants employed or retained by the parties' counsel in connection with this action;

    (c)    in-house counsel of HMMA;

      (d)    such other person as hereafter may be designated by written stipulation of all parties; and

      (e)    the Court, subject to the terms and provisions of this Order.

These "medical record information" documents shall be produced with the designation of "Highly Confidential."

3.    Upon the production of confidential information or documents, counsel for the other parties shall undertake sufficient measures and safeguards to protect the security of said records within his or her possession and shall not show or reveal its contents to associates, other employees, witnesses, or anyone else who is not involved in this case. Counsel for the other parties shall also maintain a list of the names of all persons to whom the confidential records have been disclosed further designating that each recipient has agreed to comply with this Protective Order.

4.    Confidential records shall not be photocopied, scanned, taped or filmed by anyone other than the parties identified in paragraph 2 above and their respective legal staff (and/or third party copy vendors who agree to abide by the terms of this Protective Order), and the records shall not be distributed outside the custody and control of the parties identified in paragraph 2 above. Whenever confidential records have been disclosed to those parties identified in paragraph 2 above, counsel shall provide the recipient with a copy of this Protective Order and shall explain the contents thereof to sufficiently familiarize that person or persons of the confidential nature of the information and the scope of this Protective Order and shall secure that person's agreement to protect the confidentiality of the information and documents and to abide by the terms of this Protective Order.

5. Confidential information and documents subject to this Protective Order should not be filed with the Clerk of the Court except when required in connection with motions under the Federal Rules of Civil Procedure or other matters pending before the Court. Any such protected documents filed with the Court shall be filed in sealed envelopes or other sealed containers that shall bear the caption of this action, an indication of the nature of the contents of such sealed envelope or container, the word "Confidential" and a statement substantially stating that the envelope or container is not to be opened, nor the contents thereof to be displayed or revealed, except by express order of the Court.

6. Subject to the provisions of this Protective Order, a deponent during a deposition may be shown, and examined about, confidential records. To the extent necessary, confidential information within the deposition transcript may be designated as confidential and safe guarded by placing the protected testimony under seal and/or by undertaking other measures to protect the confidential information, any exhibits which contain confidential information may remain under the care and custody of counsel.

7. In the event counsel for any other party seeks to introduce confidential records during the trial of this case, counsel will inform the Court of this intent, and the Court will review the document's confidentiality and make arrangements for the document's confidentiality to be protected. Any such document utilized as exhibits at trial, whether admitted into evidence, will be impounded by order of this Court to be returned immediately following final judgment as provided herein.

8. Upon the conclusion of this litigation by an Order which has become final due to the expiration of time for appeal or rehearing or due to the denial of rehearing, or in the event that the parties settle their dispute, all confidential and protected documents covered by the

protective order, including all copies of such documents, summaries of such documents, documents containing extracts from such documents, or documents taking information for such protective documents shall be returned to HMMA's or Plaintiff's counsel within thirty (30) days after the conclusion of this action.

    9.    Counsel for any Party may within fifteen (15) days of receipt of any protected information or document apply by motion to the Court for a ruling that such document (or category of documents) is not entitled to such status and protection.  HMMA and Plaintiff shall be given notice of the application and an opportunity to respond.

    10.    HMMA and Plaintiff shall have the right to disclose protected information or documents designated pursuant to paragraph one (1) of this Protective Order as it deems appropriate.

It is hereby further ORDERED that this Court shall retain jurisdiction to enforce the provisions of this Order and to make such amendments, modifications, and additions to this Order as the Court may deem appropriate upon notice to the parties and good cause shown.

DONE this _____ day of _____, 2008.

_____
UNITED STATES DISTRICT JUDGE