**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| TAMMY EDWARDS,                )<br>                                                      )<br>     Plaintiff,                              )<br>                                                      )<br>v.                                                 )<br>                                                      )<br>HYUNDAI MOTOR                     )<br>MANUFACTURING ALABAMA, LLC, )<br>and MIKE SWINDLE, individually,  )<br>                                                      )<br>     Defendants.                           ) | CIVIL ACTION NO.<br>2:07-cv-908-MHT<br><br>**OPPOSED IN PART** |

**PLAINTIFF'S MOTION TO EXTEND
DISCOVERY BY THIRTY (30) DAYS**

COMES NOW the Plaintiff and moves this Honorable Court for a thirty (30) day extension of discovery.

1.  On May 12, 2008, the parties jointly moved for a 60-day continuance of deadlines based on the parties' attorneys' schedule after depositions had to be cancelled due to the Plaintiff's counsel's family health emergency in that her mother was required to undergo an emergency heart procedure. This family emergency necessitated having to cancel preplanned depositions the week of May 12, 2008.

2.  Thereafter, the court granted the parties a 20-day extension. The parties worked diligently to rearrange their schedules in other cases to schedule the

necessary discovery in this case in order to complete the needed discovery in this matter by the court's deadline of June 20, 2008.

    3.    Since the court's order, the parties have already taken two depositions and had scheduled four additional depositions on June 19th and June 20th, 2008.

    4.    On June 17, 2008, Plaintiff's counsel was notified that a criminal matter in which she is a witness and victim (*State of Alabama v. Joseph Collin Vaughn,* CC-2007-2972.00) was scheduled for trial on June 18, 2008. Counsel was informed by the prosecutor that her presence would be necessary from June 18, 2008, through the end of the trial which was anticipated through Friday, June 20. Plaintiff's counsel immediately notified Defense counsel of the criminal proceedings and trial, as well as this Court's office staff.

    5.    As the criminal matter has been pending for over 2 years and has been rescheduled due to the schedule of the criminal defendant and his counsel several times, plaintiff's counsel was unsure if the matter would definitely try on this occasion and therefore, at the time this motion was drafted was not asking the court to continue any deadlines, but placing the court on notice that in the event she is not able to participate in depositions during the week that the court would be informed that counsel was not dilatory in any fashion.

    6.    Plaintiff does have a law partner, but based on trying to meet the discovery deadlines in this case, her law partner (also her brother, Kenneth D.

Haynes) was assigned another pending matter where prescheduled depositions with out-of-state lawyers and out-of-state deponents could not be rescheduled. As such, Kenneth D. Haynes was engaged in depositions the week of June 16, 2008, in that matter.

7. Therefore, Plaintiff's counsel did not have anyone that she could send in her place to take the depositions in her absence in this matter presently pending before the court.

8. Since the dictation of this notice, Plaintiff's counsel was called in the criminal matter which is presently being heard by Judge David Lichenstein. Plaintiff's counsel participated in giving oral testimony on June 18, 2008, in various pretrial motions. Plaintiff's counsel was required to participate again in pretrial motions on June 19, 2008. However, at noon on June 19, 2008, after all pretrial motions, Judge Lichenstein determined there was not enough time for the jury to hear the matter and conclude by Friday and the case was continued.

9. As such, Plaintiff's counsel was required to cancel the depositions scheduled for June 19, 2008, in this matter, but did take the deposition previously scheduled on June 20, 2008.

10. Defendant does not oppose Plaintiff's request to take the remaining depositions that she has previously noticed as long as the witnesses and the defendants are given sufficient time to prepare for the depositions. The HMMA

plant is closed the week of June 30 through July 4, 2008, for its annual July 4th shut-down that has been scheduled for over 8 months and many of the witnesses have made plans/reservations to travel out of state the weeks of June 23 and July 4, 2008.  Some witnesses are not available until after this holiday leave. Defendant believes that these remaining witnesses can be made available within the next 30 days, however.  Defendant opposes Plaintiff's efforts to depose anyone other than the witnesses previously scheduled.

11.   Despite the parties' best efforts, Plaintiff has been unable to complete all of her discovery.  As such, Plaintiff moves this Honorable Court to allow her thirty (30) days to complete discovery in this matter or for leave to finalize discovery outside the deadline but leave all other deadlines in place.

Respectfully submitted,

/s/ Alicia K. Haynes
Alicia K. Haynes
Attorney for Plaintiff

**OF COUNSEL:**

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama  35226
Phone:  (205) 879-0377
Fax:  (205) 879-3572
E-mail:  akhaynes@haynes-haynes.com
ASB-8327-E23A

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of June 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| J. Tobias Dykes<br>**CONSTANGY, BROOKS & SMITH, LLC**<br>One Federal Place, Suite 900<br>1819 Fifth Avenue North<br>Birmingham, Alabama  35203 | Brian R. Bostick<br>**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**<br>One Federal Place, Suite 1000<br>1819 Fifth Avenue North<br>Birmingham, Alabama 35203 |

/s/ Alicia K. Haynes
OF COUNSEL