**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **TAMMY EDWARDS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NUMBER** |
| | ) | **2:07-CV-908-MHT** |
| | ) | |
| **HYUNDAI MOTOR** | ) | |
| **MANUFACTURING ALABAMA, LLC,** | ) | |
| **and MIKE SWINDLE Individually,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MOTION FOR SUMMARY JUDGMENT OF DEFENDANT HYUNDAI MOTOR**
**MANUFACTURING ALABAMA, LLC**

COMES NOW the Defendant, Hyundai Motor Manufacturing Alabama, LLC (hereinafter "HMMA"), pursuant to Rule 56 of the Federal Rules of Civil Procedure and the Court's Scheduling Order, and requests that this Court enter summary judgment in its favor on all claims asserted by Plaintiff, Tammy Edwards (hereinafter "Edwards"). In support of this motion, HMMA states:

1.      Edwards alleges in her Complaint that she was sexually harassed by her co-worker, defendant Mike Swindle, and retaliated against in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). She claims that she was retaliated against, in that, she reassigned to another position within the Weld Shop, subject to an "interrogation" by her managers during the sexual harassment investigation, and "was terminated and not rehired into her previous position or any position…." (Complaint, ¶¶ 50-51). She alleges that she was wrongfully denied FMLA leave, and that she was discharged because of her sex. She also asserts state law claims for negligent hiring, training, supervision and

retention for the actions of Swindle.  Finally, she asserts claims for intentional infliction of emotional distress, assault and battery, and slander.[1]  HMMA submits that it is entitled to summary judgment on all of Edwards' claims.

2.      All of Edwards' claims must be dismissed.  The conduct about which she complains is not sufficiently severe or pervasive to constitute a hostile work environment claim. Further, it is undisputed that, although Edwards waited several months to make any report of misconduct by Swindle, once she did, HMMA immediately conducted an investigation and took prompt remedial measures by moving Swindle to an opposite shift and imposing severe disciplinary punishment against him.   Edwards admits that HMMA's actions remedied her complaint and that she has had no further problems with Swindle since the day she complained.

3.      Edwards' FMLA claim against HMMA also must fail.  Edwards went out on medical leave in August of 2006, and had not worked the required one-year period to be eligible for FMLA leave at that time.  The determination of eligibility is made when the request for leave is made.  The mere fact that Edwards crossed the one-year threshold while out on leave does not mean that her leave was then covered by the FMLA.

4.      Edwards now seeks to argue that it was retaliatory that she was moved from her Communication Control Room ("CCR") position to a position on the production floor, but she admits that she had told at least three of her supervisors that she wanted to be moved to a position back on the production floor several weeks <u>before</u> she made her complaint of harassment. Therefore, she cannot show a causal connection between the two actions.  Further, it is not an "adverse" employment action to transfer an employee

---

[1] Edwards also asserts a state law claim for invasion of privacy, but only against Defendant Swindle. (Complaint, ¶¶ 67-70).

pursuant to their request, and a move from one production Team Member position to another cannot be considered a "materially adverse" employment action as is required under Burlington Northern & Santa Fe R.R. v. White, 548 U.S. 53 (2006). Finally, Edwards cannot dispute the reasons for the move: (1) she had requested to move to the floor; and (2) her supervisors felt that her performance was substandard because her reports that she prepared in the CCR position were deficient in that they lacked sufficient detail. Edwards' suggestion that she was subjected to an "interrogation" must fail because her conversation with management comes nowhere near approaching the materiality standard under Burlington Northern, and she cannot dispute the reasons for the meeting.

5.    Edwards also cannot prove that she was discharged because of her sex or in retaliation for her harassment complaint. She has failed to prove that she was treated differently than any male employees. She also has failed to prove a causal connection between her complaint and her discharge, which occurred almost a year later. It is undisputed that Edwards did not contact the medical clinic or her supervisors when her long-term disability application was denied. Edwards had clearly been informed to report to the medical clinic when a change in her leave circumstances had taken place. She obviously knew to do this when she reported to the medical clinic when her short-term disability benefits expired a few months earlier. Additionally, she cannot prove any damages related to her termination given that she does not dispute she was not physically able to return to work at the expiration of her approved leave. Edwards' claim that she was never rehired must fail because it is undisputed that she never applied for any positions with HMMA after her termination.

6.     Edwards' state law claims also fail on the merits. She has not proven that Swindle's actions constituted assault and battery, slander or outrage.  Further, her state law claims against HMMA fail because there is no evidence that HMMA ratified or approved Swindle's actions.  Finally, she has no evidence that HMMA was negligent in its handling of this situation. For all of these reasons, HMMA is entitled to judgment as a matter of law on all claims.

7.     HMMA submits that the evidence and applicable law compel the conclusion that, even viewing Edwards' allegations in the light most favorable to her, HMMA is entitled to judgment in its favor as a matter of law under the undisputed material facts of this case.

**WHEREFORE**, HMMA respectfully requests that this Court grant this Motion for Summary Judgment, dismiss Edwards' claims against HMMA with prejudice, and award HMMA its costs in defending against this action.

*/s/ Brian R. Bostick*
Timothy A. Palmer
J. Trent Scofield
Brian R. Bostick
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205)328-1900
Facsimile: (205)328-6000
brian.bostick@odnss.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of August, 2008, I electronically filed the foregoing Motion for Summary Judgment of Defendant Hyundai Motor Manufacturing Alabama, LLC with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kenneth D. Haynes
Alicia K. Haynes
Haynes & Haynes, P.C.
1600 Woodmere Drive
Birmingham, Alabama  35226

J. Tobias Dykes
Constangy, Brooks & Smith
One Federal Place
1819 Fifth Avenue North, Suite 900
Birmingham, Alabama  35203

*/s/ Brian R. Bostick*
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205)328-1900
Facsimile: (205)328-6000
brian.bostick@odnss.com

6547678.1