IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TAMMY EDWARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. |
| HYUNDAI MOTOR | ) 2:07cv908-MHT |
| MANUFACTURING ALABAMA, | ) |
| LLC, and MIKE SWINDLE, | ) |
| Individually, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT MIKE SWINDLE'S BRIEF IN SUPPORT OF
HIS MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Tammy Edwards ("plaintiff") filed this lawsuit against defendants Hyundai Motor Manufacturing Alabama, LLC ("HMMA") and Mike Swindle alleging that HMMA created a hostile work environment because of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended, that HMMA discriminated against her because of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended, that HMMA violated the Family and Medical Leave Act, that HMMA retaliated against her in violation of Title VII of the Civil Rights Act of 1964, as amended, that HMMA negligent, hired, trained, supervised, and retained employees, specifically defendant Swindle, that defendants HMMA and Swindle intentionally inflicted emotional distress upon her, that defendant

Swindle invaded her privacy, that defendants HMMA and Swindle assaulted and battered her, and that defendants HMMA and Swindle slandered her. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, defendant Swindle has moved this Court for partial summary judgment on plaintiff's claims of invasion of privacy and intentional infliction of emotional distress claims against him.[1] There are no material facts in dispute on plaintiff's invasion of privacy and intentional infliction of emotional distress claims against defendant Swindle, and defendant Swindle is entitled to judgment as a matter of law on those claims.

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if this Court finds that there exists no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The movant's initial burden is to "show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). When the burden of proof at trial belongs to the nonmovant, as is the case here, the moving party need not "support its motion with affidavits or other similar material negating the opponent's claim," Celotex, 477 U.S. at 323, but nevertheless "may support its

---

[1] Defendant HMMA is simultaneously moving for summary judgment on all of plaintiff's claims against it.

motion for summary judgment with affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." Id. at 331.

Once the moving party meets its burden, the nonmoving party must then "demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark, 929 F.2d at 608. While the Court will resolve all doubts as to whether the non-movant has met its burden against the moving party, Rollins v. TechSouth, Inc., 833 F.2d 1525, 1528 (11th Cir. 1987), neither "[m]ere general allegations which do not reveal detailed and precise facts," Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 592 (11th Cir.), cert. denied, 516 U.S. 817 (1995), merely colorable evidence, *see* Brown v. City of Clewiston, 848 F.2d 1534, 1537 (11th Cir. 1988), conclusory statements, *see* Peppers v. Coates, 887 F.2d 1493, 1498 (11th Cir. 1989), nor conjecture will create a genuine issue of material fact. Furthermore, while "claims of employment discrimination . . . present fact-intensive issues[,] . . . motions for summary judgment or judgment as a matter of law are appropriate to 'police the baseline'" for such claims. Mendoza v. Borden, Inc., 195 F.3d 1238, 1244 (11th Cir. 1999) (quoting Indest v. Freeman Decorating, Inc., 164 F.3d 258, 264 n.8 (5th Cir. 1999)).

## II. STATEMENT OF FACTS[2]

Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, defendant Swindle adopts and asserts the narrative statement of undisputed facts contained in defendant HMMA's Brief in Support of Its Motion for Summary Judgment.

## III. LEGAL ARGUMENT

Defendant Swindle moves for summary judgment on plaintiff's claims of intentional infliction of emotional distress and invasion of privacy against him.

### A. Plaintiff's Intentional Infliction of Emotional Distress Claim Is Due To Be Dismissed

Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, defendant Swindle adopts the arguments made by defendant HMMA in Section III(H) of its brief in support of its Motion for Summary Judgment regarding plaintiff's intentional infliction of emotional distress claim. Because plaintiff's allegations arise to no more than mere insults, indignities, threats, annoyances, petty oppression or other trivialities, plaintiff's intentional infliction of emotional distress claim against defendant Swindle is due to be dismissed.

### B. Plaintiff's Invasion of Privacy Claim Is Due To Be Dismissed

Plaintiff additional alleges that defendant Swindle invaded her privacy. However, plaintiff cannot prove her claim of invasion of privacy, and it is due to

---

[2] For purposes of this Motion and supporting Brief only, defendant Swindle accepts plaintiff's version of the facts.

be dismissed. In Alabama, the tort of invasion of privacy contains separate wrongs: (1) the intrusion upon plaintiff's physical solitude or seclusion; (2) publicity which violates the ordinary decencies; (3) putting the plaintiff in a false, but not necessarily defamatory, position in the public eye, and (4) the appropriation of some element of the plaintiff's personality for a personal use. Durham v. Philippou, 968 F. Supp. 648, 660 (M.D. Ala. 1997). In Phillips v. Smalley Maintenance Services, Inc., 435 So. 2d 705 (Ala. 1983), the Alabama Supreme Court recognized a cause of action for invasion of privacy arising from alleged sexual harassment. Essentially, the Phillips Court held that "extensive egregious inquiries into one's sex life, coupled with intrusive and coercive sexual demands, constituted a wrongful intrusion into one's private activities sufficient outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." Stevenson v. Precision Standard, Inc., 762 So. 2d 820, 826 (Ala. 1999) (quoting Phillips, 435 So. 2d at 711.). In Durham, the Court compared an invasion of privacy claim and an outrage claim as follows: "[w]hile conduct needed to support an invasion of privacy claim need not be 'extreme and outrageous,' in cases where a viable claim for invasion of privacy exists, the defendant's behavior frequently approaches such a degree." 968 F. Supp. 2d at 661.

As explained in section III(H) of defendant HMMA's brief in support of summary judgment, the alleged conduct by defendant Swindle does not rise to the

level of outrage. At worst, plaintiff identified inappropriate comments and gestures, but plaintiff admits that Swindle never touched her private parts. (P. Depo. p. 216, lines 9-13). The alleged conduct, if true, does not support a claim of invasion of privacy. See Baldwin v. Blue Cross/Blue Shield of Alabama, 480 F.3d 1287, 1294-95 (11th Cir. 2007) (finding that supervisor had routinely used sexually laced profanity in the office, had propositioned plaintiff to spend the night in his hotel room, that he often called plaintiff 'babe,' that he closed the door to his office, came up behind her and breathed down her neck, and that he unzipped his fly in her presence and moved the zipper up and down did not constitute an invasion of privacy). In short, as explained in section III(H) of defendant HMMA's brief, the alleged conduct, if true, would not cause sufficient outrage or mental suffering, shame or humiliation to a person of ordinary sensibilities to amount to invasion of privacy. Therefore, plaintiff's invasion of privacy claim is due to be dismissed.

## **CONCLUSION**

For these reasons and for the reasons discussed in defendant HMMA's brief in support of its Motion for Summary Judgment, defendant Mike Swindle respectfully requests that the Court dismiss plaintiff's intentional infliction of emotional distress and invasion of privacy claims against him with prejudice.

440641.2

- 7 -

Respectfully submitted,

*/s/J. Tobias Dykes*
J. Tobias Dykes (ASB-0483-E66J)
E-Mail:  tdykes@constangy.com
CONSTANGY, BROOKS & SMITH, LLC
Suite 900, One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone:  (205) 252-9321
Facsimile:   (205) 323-7674

**Counsel for Defendant Mike Swindle**

440641.2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Kenneth D. Haynes
Alicia K. Haynes
**Haynes & Haynes, P.C.**
1600 Woodmere Drive
Birmingham, AL  35226
(205) 879-0377

Timothy A. Palmer
J. Trent Scofield
Brian R. Bostick
**Ogletree, Deakins, Nash,
   Smoak & Steward, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL  35203
(205) 328-1900

This 8th day of August, 2008.

>                        */s/J. Tobias Dykes*
>                        Attorney for Mike Swindle