IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| TAMMY EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:07cv908-MHT |
| | ) | (WO) |
| HYUNDAI MOTOR | ) | |
| MANUFACTURING ALABAMA, | ) | |
| LLC, and MIKE SWINDLE, | ) | |
| individually, | ) | |
| | ) | |
| Defendants. | ) | |

**JUDGMENT**

On the 1st day of May 2009, after this cause had been
submitted to a jury, a verdict form as to liability was
returned as follows:

CLAIM 1: Sexual Harassment
(Hostile Work Environment)

1. Do you find by a preponderance of the
evidence that Edwards has established the three
elements of step one?

Yes ___X___

No _____

If "No," you have found that Hyundai is not liable on this claim.  Move to CLAIM 2.

2. Do you find by a preponderance of the evidence that Hyundai has established its affirmative defense at step two?

Yes  _____

No  ___X____

If you answered "Yes" to this question, then you have found that Hyundai is not liable on this claim. If you answered "Yes" to question one and "No" to question two, then you have found that Hyundai is liable on this claim.

### CLAIM 2: Retaliation

1. Do you find by a preponderance of the evidence that Edwards has established the four elements of unlawful retaliation?

Yes  ___X____

No  _____

If "No," you have found that Hyundai is not liable on this claim.  Move to CLAIM 3.

2. Do you find by a preponderance of the evidence that Hyundai has proved that Edwards would have been subjected to the same adverse employment action for other reasons even in the absence of her complaint of sexual harassment?

2

Yes _____


No ___X___


If "Yes," you have found that Hyundai is not liable on this claim.  However, if you answered "Yes" to question one and "No" to question two, then you have found that Hyundai is liable on this claim.

### CLAIM 3: Negligent Supervision

1. Do you find by a preponderance of the evidence that Hyundai failed to exercise reasonable and ordinary care in supervising Swindle?


Yes ___X___


No _____


If "No," you have found that Hyundai is not liable on this claim.  Move to CLAIM 4.

2. Do you find by a preponderance of the evidence that Edwards's own negligence contributed in whole or in part to her damages?


Yes _____


No ___X___


If "Yes," you have found that Hyundai is not liable on this claim. However, if you answered "Yes" to question one, and you answered "No" to question two, you have found that Hyundai is liable on this claim.

3

## CLAIM 4: Intentional Infliction
## of Emotional Distress

May Edwards prevail on her claim of intentional infliction of emotional distress against defendant Swindle?

Yes   __X__

No   _____

## CLAIM 5: Assault and Battery

May Edwards prevail on her claim of assault and battery against Swindle?

Yes   __X__

No   _____

## CLAIM 6: Invasion of Privacy

May Edwards prevail on her claim of invasion of privacy against Swindle?

Yes   __X__

No   _____

SO SAY WE ALL.

__/S/ Steve Garst__
FOREPERSON

Date: 5-1-09

4

Later, on the 1st day of May 2009, after this cause had been resubmitted to a jury, a verdict form as to damages was returned as follows:

<u>COMPENSATORY DAMAGES</u>

1. How much, if any, may Edwards recover in total compensatory damages?

$ ____785,000____

2. What portion of those damages may be attributed to:

| Hyundai | |
|---|---|
| a. Sexual Harassment | $ __200,000__ |
| b. Retaliation | $ __200,000__ |
| c. Negligent Supervision | $ __300,000__ |
| Swindle | |
| d. Intentional Infliction of Emotional Distress | $ __50,000__ |
| e. Assault and Battery | $ __15,000__ |
| f. Invasion of Privacy | $ __20,000__ |

<u>PUNITIVE DAMAGES</u>

1. How much, if any, may Edwards recover in total punitive damages?

$ <u>     5,010,000   </u>

    2. What portion of those damages may be attributed to:

| Hyundai | |
|---|---|
| a. Sexual Harassment | $ <u> 1,000,000 </u> |
| b. Retaliation | $ <u> 1,000,000 </u> |
| c. Negligent Supervision | $ <u> 3,000,000 </u> |
| Swindle | |
| d. Intentional Infliction of Emotional Distress | $ <u>   6,000   </u> |
| e. Assault and Battery | $ <u>   1,000   </u> |
| f. Invasion of Privacy | $ <u>   3,000   </u> |

SO SAY WE ALL.

               <u>  /S/ Steve Garst   </u>
                   FOREPERSON

Date: 5-1-09

    It is therefore the ORDER, JUDGMENT, and DECREE of the court as follows:

    (1) Judgment is entered in favor of plaintiff Tammy Edwards and against defendants Hyundai Motor

Manufacturing Alabama, LLC, and Mike Swindle, individually.

(2) Plaintiff Edwards shall have and recover from defendant Hyundai Motor Manufacturing Alabama, LLC, the sum of $ 700,000.00 in compensatory damages.

(3) Plaintiff Edwards shall have and recover from defendant Hyundai Motor Manufacturing Alabama, LLC, the additional sum of $ 5,000,000.00 in punitive damages.

(4) Plaintiff Edwards shall have and recover from defendant Swindle, individually, the sum of $ 85,000.00 in compensatory damages.

(5) Plaintiff Edwards shall have and recover from defendant Swindle, individually, the additional sum of $ 10,000.00 in punitive damages.

(6) The above awards are subject to any applicable statutory damages caps.

It is further ORDERED that costs are taxed against defendants Hyundai Motor Manufacturing Alabama, LLC, and

Mike Swindle, individually, for which execution may issue.

The clerk of the court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DONE, this the 5th day of May, 2009.


   /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE